DAVID J. MARTIN, ESQ.
Nevada Bar No. 9117
MYRRA L. SMITH, ESQ.
Nevada Bar No. 15539
**GORDON REES SCULLY MANSUKHANI LLP**
300 South 4th Street, Suite 1550
Las Vegas, Nevada 89101
Telephone: 916-291-0779
E-Mail: dmartin@grsm.com

***Attorneys for Defendant IMI Miracle Mall LLC***

**Gordon Rees Scully Mansukhani, LLP**
**300 S. 4th Street, Suite 1550**
**Las Vegas, NV 89101**

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| CAITLYN VICTORIA YOUNG, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>ENVIRONMENTAL SERVICE CONCEPTS, LLC, a Foreign Limited-Liability Company; IMI MIRACLE MALL LLC d/b/a MIRACLE MILE SHOPS, a Foreign Limited-Liability Company; DOES I through X, inclusive; ROE CORPORATIONS I through v, inclusive,<br><br>Defendants. | CASE NO.: 2:26-cv-00271<br><br>**DEFENDANT IMI MIRACLE MALL LLC'S NOTICE OF REMOVAL** |

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. 1332, 1441 and 1446, Defendant IMI MIRACLE MALL LLC, ("IMI Miracle") by and through its undersigned counsel, hereby removes this action from the Eighth Judicial District Court of Nevada to the United States District Court, District of Nevada. In support thereof, Defendant IMI Miracle states as follows:

**I.**

**<u>FACTUAL & PROCEDURAL POSTURE</u>**

Gordon Rees Scully Mansukhani, LLP
300 S. 4th Street, Suite 1550
Las Vegas, NV 89101

1. This case was originally filed in the Eighth Judicial District Court, Clark County, Nevada on December 22, 2025, under the name and caption of *Caitlyn Victoria Young v. Environmental Service Concepts, LLC, et. al.*, Case No. A-25-935686-C. Since Clark County is situated within this district and division, this Court is the proper venue for removal. 28 U.S.C. § 1446(a).[1]

2. On January 7, 2026, Defendant IMI Miracle received the copy of the Civil Summons and Complaint.[2] Accordingly, Defendants' time to remove has not yet expired. 28 U.S.C. § 1446(b)(1).

3. According to the Complaint, Plaintiff is a citizen of the State of Nevada.[3]

4. According to the Complaint, Defendant Environmental Service Concepts, LLC[4] was and remain a foreign limited-liability company.

5. According to the Complaint, Defendant IMI Miracle Mall LLC was and remains and foreign limited liability company.[5]

6. Because the parties to this action are citizens of different States, complete diversity exists.

7. The amount in controversy in this case exceeds $75,000.00 inclusive of interests and costs.

8. Plaintiffs bring causes of action for negligence and seeks general damages in excess of $15,000.00, special damages in excess of $15,000.00, reasonable attorney's fees and costs of suit.[6]

## II.

## DISCUSSION OF LAW

As a general rule, the amount in controversy is determined by "the status of the case as disclosed by the plaintiff's complaint." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S.

---

[1] Pl.'s Compl, attached as Ex. 1
[2] Aff. of Service attached as Ex.2
[3] Ex. 1, ¶ 1
[4] *Id.* at ¶ 3—Environmental Service Concepts is an Illinois limited liability corporation
[5] *Id.* at ¶ 4—IMI Miracle LLC is a Delaware limited liability corporation
[6] *Id.* at p. 3-4.

Gordon Rees Scully Mansukhani, LLP
300 S. 4th Street, Suite 1550
Las Vegas, NV 89101

283 (1938).

Where it is unclear from the face of the complaint whether the amount in controversy exceeds $75,000, "the removing defendant bears the burden of establishing by preponderance of the evidence that the amount in controversy exceeds the jurisdictional threshold." *Urbino v. Orkin Servs of Cal., Inc.*, 726 F.3d 1118, 1121-22 (9th Cir. 2013). The amount in controversy may include "damages (compensatory, punitive or otherwise)" and attorney fees and costs. *Id.* "Conclusory allegations as to the amount in controversy are insufficient." *Corral v. Select Portfolio Servicing, Inc.*, 878 F.3d 770, 774 (4th Cir. 2017). In assessing the amount in controversy, the court may consider allegations in the complaint and the notice of removal, as well as summary judgment type evidence relevant to the amount in controversy. *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005).

## III.

## LEGAL ARGUMENT

Plaintiff alleges that on or about January 28, 2024, she was walking on the premises of the Miracle Mall Shops, when she slipped and fell on spilled liquid, which caused her to sustain personal injuries.[7] Plaintiff is a citizen of the State of Nevada and each of the named defendants are foreign limited liability corporations Since Plaintiff and each Defendants are citizens of different states, complete diversity exists under 28 U.S.C. 1332(a)(1).

Plaintiff does not provide a precise calculation of either general or special damages and instead pleads the minimum jurisdictional amount for Nevada district courts for at least $15,000.00. Plaintiff does provide some general information addressing her damages and alleges she incurred medical expenses, permanent injury, lost wages and pain and suffering in an amount in excess of $15,000.00, and attorney fees.[8] Given the breadth of Plaintiff's alleged damages, the amount in controversy is in excess of $75,000.00 and Defendants satisfy the amount in controversy requirement under 28 U.S.C. § 1332.

//

[7] *Id.* at ¶ 12-13.
[8] *Id.* at ¶22 and ¶ 31.

Gordon Rees Scully Mansukhani, LLP
300 S. 4th Street, Suite 1550
Las Vegas, NV 89101

## IV.

## CONCLUSION

This matter involves a Plaintiff who is a citizen of the State of Nevada who is bringing suit against three foreign limited liability companies for a slip and fall which occurred in Clark County, Nevada. Complete diversity of citizenship exists between Plaintiff and all Defendants. The amount in controversy is in excess of $75,000.00. As such, this Court maintains jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441. Venue is proper in this Court since the underlying action was filed in Clark County, Nevada.

Dated: February 4, 2025

**GORDON REES SCULLY MANSUKHANI LLP**

*/s/ David J Martin*
DAVID J. MARTIN, ESQ.
Nevada Bar No. 9117
MYRRA L. SMITH
Nevada Bar No. 15539
300 South 4th Street, Suite 1550
Las Vegas, Nevada 89101
t: 916-291-0779
e: dmartin@grsm.com
mlsmith@grsm.com

**CERTIFICATE OF SERVICE**

I hereby certify that I filed a true and accurate copy of the foregoing with the Clerk of Court via CM/ECF, which will send notification of such filing to all counsel and parties registered in said system and sent via email to Plaintiff's counsel of record:

Matthew Hoffmann, Esq.
Tyler Crawford, Esq.
Attorneys for Plaintiff

Dated: February 4, 2026

/s/ David J. Martin
David J. Martin

Gordon Rees Scully Mansukhani, LLP
300 S. 4th Street, Suite 1550
Las Vegas, NV 89101